Dear Mr. Labat:
You have requested an opinion from this office on whether the Terrebonne Parish Personnel Board may order the position of an employee upgraded even though the Terrebonne Parish Council has not budgeted any money for the new position.
The request for this opinion arises out of the following factual situation. An employee filed a grievance from the decision of the Director of Economic Development to fill the position of Section 8 Assistant with the Social Services Division. The appellant believes that she should have been selected to fill the position. The Terrebonne Parish Consolidated Governments Personnel Board met on Monday, May 21, 1991 to consider the grievance. After hearing the matter the Board affirmed the decision of the director of Economic Development. The Board, however, ordered the appealing employee's employment status upgraded to level 4 immediately and to be employed in Section 8 as soon as possible. This decision requires Terrebonne Parish to allocate additional funds for the upgrading of the appellant's position. Several members of the Terrebonne Parish Council question the ability of the personnel board to mandate the parish government to allocate funds for this upgraded position.
Terrebonne Parish utilizes a consolidated government under a home rule charter. Article IV Section 4-10 provides for a personnel administration. Section 4-10 F provides for the duties of the personnel board. It states:
The Personnel Board shall:
(1) hold hearings on dismissals, demotions, and other disciplinary matters as may be provided in the rules. The decisions of the Personnel Board in these matters shall be final.
(2) Perform such other quasi judicial duties as may be required under the rules developed pursuant to this section.
The Terrebonne Parish Personnel Policy Manual was approved and adopted by the Terrebonne Parish Consolidated Government. Section 5.1 of the manual provides in regards to classification of jobs:
A. The Personnel Director shall prepare and administer a classification plan for the Consolidated Government based on analysis of duties and responsibilities of positions. Class specification shall include official class title, nature of work, examples of duties and minimum qualifications.
* * *
D. An employee may request that his or her position be reviewed for proper classification by using a grievance procedure specified elsewhere in these rules.
The grievance procedure set out in Section 8.2 of the personnel manual provides:
D. Should an employee want to continue his/her grievance beyond the decision of the Department Head, the employee can then request for a hearing before the Personnel Board by contacting the Personnel Director within eight (8) working days after receipt of the Department Head's decision.
In regards to the Personnel Board the manual states in Section 8.3:
A. Those employees who have gone through all phases of the Grievance Procedure, and wanting to go before the Personnel Board, must provide to the Personnel Director, in writing the reasons for the appeal, in accordance with paragraph D of Section 8.2.
* * *
F. The Personnel Board shall decide appeals promptly, but in any event within thirty (30) days after completion of a hearing. All decisions of the Personnel Board are binding and final.
It is the opinion of this office that the Terrebonne Parish Consolidated Government has given the Personnel Board the authority to review and decide an employee's grievance regarding that employees classification. Under the Personnel Manual decisions of the Personnel Board are final and binding. Therefore, the Personnel Board may reclassify an employee even though the reclassification will require additional allocations of funds.
The Personnel Board, however, cannot force the Terrebonne Parish Council to appropriate additional money. If the parish government fails to allocate additional money for the position then the Personnel Director must fund the reallocations out of money already budgeted to his department.
If we can be of any further assistance to you in this matter please feel free to call us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: J. MARVIN MONTGOMERY Assistant Attorney General
JMM:rjh 0573p